**George W. SHUFELT, III,**
**Plaintiff–Appellant,**

v.

**Linda DAVIS, in her official & individ-ual capacity, ISP's Litigation Coordi-nator; et al., Defendants–Appellees.**

**No. 11–55474.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2012.*

Filed Oct. 17, 2012.

George W. Shufelt, III, San Diego, CA, pro se.

Jill Vander Borght, William N. Frank, Deputy Attorney General, AGCA–Office of the California Attorney General, Los An-geles, CA, for Defendants–Appellees.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

California state prisoner George W. Shufelt, III, appeals pro se from the dis-trict court's summary judgment in his 42 U.S.C. § 1983 action alleging access-to-courts and retaliation claims. We review de novo, *Brodheim v. Cry,* 584 F.3d 1262, 1267 (9th Cir.2009), and we affirm.

The district court properly granted sum-mary judgment on Shufelt's access-to-courts claims because Shufelt failed to raise a genuine dispute of material fact as to whether he suffered actual injury as a result of prison officials' alleged conduct. *See Lewis v. Casey,* 518 U.S. 343, 348–49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (access-to-courts claim requires actual prejudice to contemplated or existing liti-gation, such as inability to meet a filing deadline or to present a claim); *Alvarez v. Hill,* 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (an inmate's failure to show that a nonfrivolous legal claim has been frustrat-ed is fatal to his access-to-courts claim).

The district court properly granted sum-mary judgment on Shufelt's retaliation claims because Shufelt failed to raise a genuine dispute of material fact as to whether prison officials' alleged actions served legitimate penological goals or whether those actions would have chilled an inmate of ordinary firmness. *See Bro-dheim,* 584 F.3d at 1269 (setting forth the elements of a retaliation claim); *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir.1995) (plaintiff must show that allegedly retalia-tory action did not advance legitimate cor-rectional goals).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.